# Robinson *et al. versus* The West Pennsylvania Railroad Company *et al.*

1. An Act of Assembly, for making the state canals, enacted that damages for taking land should be assessed by an inquest, as specified, and that, after confirmation of the inquisition, the assessment should be paid by the canal commissioners and the state be seised of such land "as of an absolute estate in perpetuity;" by another act, assessments of damages might be made through the Quarter Sessions, on application of the owner, in a year after completing the work on his land, and the canal commissioners might purchase the land for the state. Robinson granted to the state, land occupied by the site of the canal, "*excepting therefrom ground for a basin,*" the canal and basin were constructed over the land released and no assessment was made through the Quarter Sessions. *Held,* that the Commonwealth took an absolute estate in perpetuity.

2. The Commonwealth sold the canal and basin, and the vendee abandoned them. *Held,* that the land did not revert to Robinson.

3. The exception of the "basin" from the grant excluded that ground, and left it in the same situation as if no grant at all had been made.

4. The right of the Commonwealth was not affected by the owner's right to have damages assessed.

November 8th 1872. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the District Court of *Allegheny county:* No. 184, to October and November Term 1871.

This was an action of ejectment, brought to October Term 1869, by William Robinson, Jr., against The Pennsylvania Railroad Company, for a piece of land in the city of Allegheny, formerly occupied as the basin or part of the state canal.

William Robinson having died, John D. Robinson and others, his devisees, were substituted as plaintiffs.

The West Pennsylvania Railroad Company were added as defendants.

The case was tried, March 17th 1871, before Judge Kirkpatrick.

The plaintiff gave evidence, showing his title originally to the land in question.

The defendants exhibited the Act of April 25th 1826 (Pamph. L. 55), providing for the construction of the Pennsylvania Canal.

Sect. 8, provided that the canal commissioners might agree with the owner of land through which the canal would pass for "the pur-

[Robinson *v.* West Pennsylvania Railroad Co.]

chase, use and occupation thereof on behalf of the state;" if they could not agree, on application to a justice of the peace, he should issue his warrant to eighteen inhabitants of the county, who should "value the land and all damages," the owner might sustain; the inquisition taken by the men to be returned to the prothonotary, and if no exceptions were filed, it should be confirmed, but if not, the court might direct another inquisition, the inquisition to describe the land taken " and the quality and duration of the interest and estate in the land required by the board for the use of the state, and their valuation shall be conclusive and shall be paid for by the board to the owner, and on payment thereof, the state shall be seised of such land as of an absolute estate in perpetuity, or with such less quantity and duration of interest or estate in the same * * * as if conveyed by the owner." . Also, Act of April 9th 1827 (Pamph. L. 192), which provided that any person aggrieved by the canal passing through his land, might apply within one year after the completion of the work to the Court of Quarter Sessions of the proper county, who should appoint five citizens, who were to report the amount of damages sustained by the applicant, and upon the court approving of the report, the canal commissioners should pay the amount of damages assessed. The act gave power to the canal commissioners to purchase land, if they should think it more advantageous to the Commonwealth than to pay damages, and to sell any portion of the land purchased, which they did not need for the canal. Also, deed of release, William Robinson, Jr., and others, reciting several Acts of Assembly, and " in consideration of the benefits which will result to the community in general, and to us in particular, * * * grant, cede and for ever transfer to the Commonwealth * * * the privilege of taking water * * * and also all land belonging to us, which shall be necessarily occupied by the site of the said canal, *excepting therefrom ground for a basin;* and also site for towing-paths * * * and * * * all claims for damages * * * in consequence of the site of the said canal passing through land." * * *

Defendants gave evidence that the land in question which was called " the basin," was dug out about the time of digging the canal, under the direction of the canal commissioners. They gave in evidence deed of July 31st 1857, from the Commonwealth to The Pennsylvania Railroad Company, for the canals, &c., of the state, including that occupying the land in question : also, deed, May 15th 1867, from the Pennsylvania Railroad Company to the West Pennsylvania Railroad Company, for the part of canal, including the land in question, with evidence that Robinson had not applied within one year from the completion of the work for damages by reason of the occupancy of the land in question by the canal or basin.

[Robinson *v.* West Pennsylvania Railroad Co.]

It was admitted that the canal and basin covering the land in question had not been used since February 17th 1865.

The plaintiffs requested the court to charge:—

4. That the title to the soil of the "ground for a basin" in Robinson's release remained in him notwithstanding the release, and the basin having been disused before bringing this action, the plaintiffs were entitled to recover.

5. That on the whole evidence the defendants had not shown title to the property in dispute, and the plaintiffs were entitled to recover.

These points were refused by the court.

The defendants requested the court to charge:—

1. Under Robinson's release, an absolute estate in fee passed to the Commonwealth in the land belonging to him taken in constructing the Pennsylvania Canal through the premises in question; and the defendants claiming under the state, the verdict should be in their favor.

2. If the jury find that the ground described as "a basin," was the property of Robinson at the time the Pennsylvania Canal was constructed, and that the canal and basin were dug and excavated about the same time by the Commonwealth, and that the ground taken for the "basin" was used permanently in connection with the canal, and that Robinson did not within one year after the taking of the ground, apply to the Court of Quarter Sessions for the assessment of damages resulting from taking the ground for a "basin," the plaintiffs could not recover.

These points were affirmed.

The court charged further:—

"That if the jury find from the evidence that the Pennsylvania Canal, through the lands of Gen. William Robinson, Jr., and the 'basin' were dug and excavated at and about the same time, by the agents and engineers of the state, and that the ground taken for said 'basin' was used permanently in connection with the canal, so long as the latter was used by persons generally boating on the canal, and Gen. Robinson did not within one year of the taking of the 'ground for a basin,' and the construction thereof, apply to the Court of Quarter Sessions for the appointment of viewers and assessment of damages for taking of said ground, the jury should find for the defendants."

The verdict was for the defendants.

The plaintiffs took a writ of error and assigned for error, the answers to the points of the parties and the charge.

*M. W. Atcheson* and *H. Burgwin*, for plaintiff in error.

*Hampton & Dalzell*, for defendants in error, cited Comm'th *v.* Snyder, 2 Watts 418; Comm'th *v.* McAllister, Id. 190; Haldeman

v. Penna. R. R., 14 Wright 425 ; Downing v. McFadden, 6 Harris 338; Craig v. Allegheny, 3 P. F. Smith 477 ; Cooley on Const. Limitations 561; People v. Green, 3 Mich. 496; Charlestown Br. R. R. v. Middlesex, 7 Metc. 78 ; Rexford v. Knight, 11 N. Y. 308 ; Taylor v. Marcy, 25 Ill. 518 ; Collison v. Hedrick, 15 Gratt. 244 ; Gilmer v. Limi Point, 18 Cal. 229 ; Harper v. Richardson, 22 Id. 251; Albany Street, 11 Wendell 149; Brown v. Worcester, 13 Gray 31.

The opinion of the court was delivered, May 17th 1873, by

WILLIAMS, J.—It was decided in Craig v. The City of Allegheny, 3 P. F. Smith 477, that, under the deed of Wm. Robinson, Jr., the Commonwealth took an absolute estate in perpetuity to the land thereby granted for the construction of the Pennsylvania Canal, and that it did not revert to the grantor or his alienee on the cessation of its use, or abandonment as a canal. But the question as to the proper construction of the clause in the deed " excepting therefrom ground for a basin," did not arise in that case.   What then was the effect of the exception as it respects the land which was taken and used for the purpose of constructing the basin ?   It undoubtedly excepted the land out of the operation of the grant, and was so intended.   But did it, as the plaintiffs in error contend, recognise and permit its use as a basin, and subject it to such servitude as long as it might be so used ? And did the right to its possession revert to the grantor discharged of the servitude, when the canal was abandoned and it ceased to be used ?   There is nothing in the language of the exceptional clause taken by itself, or in connection with the terms of the grant, which countenances such a construction.   Why should the Commonwealth consent to take and hold a less estate or interest in the basin than in the bed of the canal or towing-path ? The basin was as necessary a part of the improvement as either, and its use was intended to be as permanent.   There was then the same reason for taking an absolute estate in one as the other.   Besides, why should an exception out of a grant of land to the public receive a different construction from that which would be given to it, if the grant had been made to a private person ?   It would be a strange construction to hold that a clause excepting part of that which is granted, is the grant of the use of the part excepted. If it had been intended to grant the use of the land, can there be a doubt that it would have been granted in express terms and by apt words ?   It is too plain to admit of argument that, in excepting the ground taken for a basin, it was not intended to grant its use.   The whole purpose and effect of the exception was to exclude the ground so taken from the operation of the grant, and to leave it in the same condition as it would have been, if no grant had been made.   There can be no doubt of the right of the Com-

[Robinson *v.* West Pennsylvania Railroad Co.]

monwealth, under the Acts 25th February 1826, Pamph L. 55, and 9th of April 1827, Pamph L. 192, to take the land for the purpose of constructing the basin; nor of the owner's right to have the damages which he sustained by reason thereof, assessed under the provision of the latter act. But the right of the Commonwealth to the land so taken, was an absolute estate in perpetuity; Commonwealth *v.* McAllister, 2 Watts 190; Haldeman *v.* Pennsylvania Railroad, 14 Wright 425; and could not be defeated or impaired by the owner's neglect or refusal to make application for the assessment of his damages within the time limited by the act. It follows that there was no error in the construction given to the exceptional clause in the deed by the court below, and that the plaintiffs were not entitled to recover.

Judgment affirmed.