## Tucker and Frankford Streets.   Fayette R. Plumb's Appeal.

*Road law—Change of grade—Elevation of railroad tracks—Damages —Proximate cause.*

Where, in order to avoid a grade crossing, a city agrees to lower the grade of a street, and a railroad company agrees to elevate its tracks, an owner of land abutting on the railroad, but not on the street, is not entitled to recover damages from the city, where it appears that the injury was not caused by the change of grade of the street, but by the elevation of the railroad tracks, which increased the labor and expense involved in receiving and loading materials upon the cars.   Snyder v. Lancaster, 20 W. N. 185, and Mellor v. Phila., 160 Pa. 614, distinguished.

Argued Jan. 11, 1894.   Re-argued Jan. 8, 1895.   Appeal, No. 59, Jan. T., 1894, by Fayette R. Plumb, from order of C. P. No. 2, Phila. Co., March T., 1893, No. 538, setting aside report of viewers.   Re-argued before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Appeal from award of viewers.

The facts appear by the opinion of the Supreme Court.

The following diagram shows the situation of the property:

The viewers awarded Plumb $9,750 damages.

The following exceptions among others were filed by the city:

" 6. Because the said Fayette R. Plumb claimed damages to his property by reason of the raising of the tracks of the Philadelphia and Trenton Railroad Company on Trenton avenue, and not as the immediate result of any act of the city of Philadelphia in changing the grade of any street.

" 7. Because the property of Fayette R. Plumb is situated at Tucker street and the Philadelphia and Trenton Railroad, and does not abut on Frankford street, and is not affected by the change of grade of the said Frankford street.

" 8. Because the said Fayette R. Plumb claimed that his entire damage was caused by the raising of the tracks of the Philadelphia and Trenton Railroad, and the award of the jury was for the damage caused to the property of the said Fayette R. Plumb by the raising of the tracks of the Philadelphia and Trenton Railroad Company, and for such damage the said city of Philadelphia is not liable, and the jury erred in awarding any damages in this case against the city of Philadelphia."

Appellant filed among others the following exception:

" 3. That the jury erred in submitting as the legal question to the court whether or not the city of Philadelphia is liable for damages occasioned by the raising of the tracks and grade of the said Philadelphia and Trenton Railroad, instead of whether the city is liable for damages because of the change of grade of Frankford street, an incident of which was of necessity the change of the grade of the railroad in order to conform to the new grade of Frankford street as established by the city." [3]

Exceptions by the city sustained, and report set aside.

*Errors assigned* were (1) setting aside report; (2) sustaining exceptions; (3) refusal to confirm award and sustain appellant's exception; quoting exceptions.

*David W. Sellers, John Roberts* with him, for appellant, cited: Acts of May 16, 1891, P. L. 75; Feb. 2, 1854, § 27, P. L. 21; O'Connor v. Pittsburg, 18 Pa. 187; Phila. v. Wright, 100 Pa. 235; Ridge Ave., 99 Pa. 469; Change of Grade of Plan 166, 143 Pa. 414; R. R. v. Duncan, 111 Pa. 352; Pusey v. Alle-

gheny, 98 Pa. 522; Reading v. Althouse, 93 Pa. 400; Snyder
v. Lancaster, 20 W. N. 185; Turner's Petition, 4 W. N. 443;
Ogden v. Phila., 143 Pa. 430.

*Howard A. Davis, James Alcorn* and *Chas. F. Warwick* with
him, for appellee, cited: Mellor v. Phila., 160 Pa. 614; Acts
of June 9, 1874, P. L. 282; May 31, 1887, P. L. 275; Thirtieth
Street, 147 Pa. 2; Pa. Co. for Ins., etc. v. R. R., 151 Pa.
334; Lawrence v. Phila., 154 Pa. 20; Pusey v. Allegheny, 98
Pa. 522.

OPINION BY MR. JUSTICE McCOLLUM, Feb. 18, 1895:

The damages awarded by the viewers were the direct conse-
quence of work done by the Philadelphia and Trenton Railroad
Company on its right of way adjoining the plaintiff's property.
It consisted of an elevation of the railroad tracks to a height
which impaired his facilities for loading his goods on the cars.
He claims that the city is liable to him for these damages on
the ground that the act from which they resulted was necessi-
tated by its change of the grade of Frankford street. It appears
that, on the 29th of March, 1887, the councils, with the approval
of the mayor, authorized a revision of the lines and grades of
the city plans along the line of the Philadelphia and Trenton
Railroad from Tacony street to Pennypack creek in the twenty-
third ward, for the purpose of avoiding all grade crossings of
the railroad between these points. In the ordinance authorizing
this work it was provided that, before confirmation of the revised
plans, the railroad company should file an approved obligation
that it would, at its own cost and expense, change the elevation
of its road at such points as in the revision of the plans might
be found necessary in order to construct overhead or undergrade
bridges, and, in accordance with the revision, construct all the
bridges and other works incident thereto, within its right of way.
In view of the proviso in the ordinance the latter may be regarded
as a proposal by the city to the railroad company of co-opera-
tion in the abolition of the grade crossings of its road between
the points named. The acceptance of this proposal by the rail-
road company was voluntary and in its interest as well as in
that of the city. It was followed by a confirmation of the
revised plans and the physical change of the grade of Frank

ford street in accordance with them. The work of lowering the grade of the street was done by the city, and the work of constructing the overhead bridge and raising the railroad tracks to correspond with it was done by the railroad company.

While this proceeding was instituted for the purpose of assessing the damages the plaintiff sustained by the change of the grade of Tucker and Frankford streets, it was conceded in his testimony and found by the viewers that his property was not injured by any work done by the city on either of them. Tucker street was not opened beyond the railroad and there has been no physical change of its grade. His property does not abut on Frankford street and is not affected by the lowering of it. It was the elevation of the railroad tracks and that alone which caused the injury complained of, and this, as we have seen, was work done by the railroad company at its own expense within its right of way on which his property abutted. Access to the property on the side of it which has a frontage on the right of way was and still is exclusively by rail, but the elevation of the tracks has increased the labor and expense involved in receiving the materials from and loading the manufactured products upon the cars. In all other respects access to it is unchanged. The undisputed facts, therefore, present a case of highways crossing each other at grade, one of them created and controlled by the city, and the other by the railroad company. A mutual desire of these corporations to abolish grade crossings resulted in an agreement under which, to accomplish the common purpose, the city lowered its street and the company elevated its road. The outcome of the facts is a proceeding against the city for the recovery of the damages sustained by a property owner in consequence of the elevation of the railroad.

The city contends that its change of the grade of Frankford street was not the proximate cause of the damages claimed, and it rests its contention, in this particular, on the plaintiff's testimony and the report of the viewers who distinctly found that the entire damage done to plaintiff's property was "the result of the elevation of the tracks of the Philadelphia and Trenton Railroad Company." It also contends that there is nothing in its agreement with the company which subjects it to liability for damages occasioned by the act of the latter. We think that, upon the undisputed facts on which the plaintiff's

claim is based, the city's entire contention is sound, and the order of the court below setting aside the report of the viewers should be sustained.

In this conclusion we do not disregard or in the slightest degree qualify the principle on which Snyder v. Lancaster, 20 W. N. 185, and Mellor v. The City of Philadelphia, 160 Pa. 614, were decided. These cases are plainly distinguishable in their facts from the case at bar. In Snyder v. Lancaster, the opening of Filbert street was the direct cause of the injury complained of. The opening of the street took away from plaintiff's house the lateral support it had and left it without a gable. In Mellor v. The City, access to plaintiff's property by vehicles was cut off by the change of the grades of Oxford and Margaret streets. The injury complained of in the cases cited was the direct and proximate consequence of the opening of a street or a change of its grade. The principle on which they were decided is unquestionably sound but it is not applicable to the facts of this case.

The order setting aside the report of the viewers is affirmed.