## Reading Company *v.* Seip, Appellant.

*Railroads—Right of way—Adverse possession—Land purchased.*

No title can be acquired by adverse possession, however long continued, to land purchased by a railroad company and used by the company for the construction of switches adjacent to and diverging from its main track.

A railroad is a public highway, and the land which it covers whether acquired by the exercise of eminent domain or by purchase, is not the subject of adverse possession, and is immune from the statute.

*Appeals—Assignments of error—Points.*

A single assignment of error embracing several points violates Rule XIV.

An assignment of error to an instruction which does not quote the instruction totidem verbis violates Rule XV.

Argued Dec. 6, 1905.   Appeal, No. 163, Oct. T., 1905, by defendant, from judgment of C. P. Lehigh Co., April T., 1902, No. 62, on verdict for plaintiff in case of The Reading Company v. Elizabeth Seip.   Before RICE, P. J., BEAVER, POR-TER, MORRISON and HENDERSON, JJ.   Affirmed.

Ejectment for land in Saulsbury Township.   Before TREX-LER, J.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were in the following form :

The court erred in not affirming the defendant's points as follows :

1. If you find from the evidence that the limekilns and the driveway on the western side thereof appending the approaches thereto, and the land on which these improvements are located and in question in this action, were used by William Eschen-bech in his lifetime and by his successors in title, by them-selves and their lessees paying rent, down to, and including this defendant, whenever they saw fit, without asking leave, and in the knowledge thereof by said plaintiff and its predeces-sors in title and without objection, then that use was adverse, and if it continued in that interruption for twenty-one years and upwards in that way, before the bringing of this action, then this defendant had and now has a title to that land and location which cannot now be disputed and your verdict must be in favor of the defendant.

2. A continued and uninterrupted and adverse use of an easement under a claim of right, and in the acquiesence and knowledge of the person or persons intestate, for a period of twenty-one years or upwards, will justify a jury in finding in favor of a party who sets up a right arising out of the sum.

3. If you find from all the evidence that this defendant and her predecessors in title, taking their holdings together, had continuous, notorious and adverse possession of land in dispute in this action, for twenty-one years and upwards, then unless the Reading Company, plaintiff, has convinced you by affirma-

tive proof, that the land was embraced in the original location of the railroad by its predecessors in title, it cannot make the power of eminent domain in its favor, to prevent the acquisition of said land of the defendant, by such adverse possession.

4. The court erred in instructing the jury to find a verdict in favor of the plaintiff.

*Clinton A. Groman,* with him *Claude T. Reno,* for appellant, cited: P. & C. R. R. Co. v. Graham, 36 Pa. 77 ; Covert v. Ry. Co., 204 Pa. 341; Pierce v. Com., 104 Pa. 150 ; Penna. R. R. Co. v. Freeport Boro., 138 Pa. 91 ; Porter v. McGinnis, 1 Pa. 413 ; Hinman v. Cranmer, 9 Pa. 40 ; McCoy v. Dickenson College, 5 S. & R. 254 ; Evans v. Erie County, 66 Pa. 222 ; Susquehanna County v. Deans, 33 Pa. 131 ; Glover v. Wilson, 6 Pa. 290.

*R. E. Wright* and *Charles Heebner,* for appellee, cited: Penna. R. R. Co. v. Freeport Borough, 138 Pa. 91 ; Stevenson's App., 17 W. N. C. 429 ; Covert v. Ry. Co., 204 Pa. 341 ; Pittsburg, etc., R. R. Co. v. Com., 104 Pa. 583 ; Kopf v. Utter, 101 Pa. 27 ; Phila. & Reading R. R. Co. v. Obert, 109 Pa. 193 ; Hummel v. R. R. Co., 175 Pa. 537.

OPINION BY BEAVER, J., March 12, 1906 :

There would seem to be in this case a single assignment of error, embracing four distinct points. This is a violation of our rule XIV, and we would probably be justified in disregarding the assignment. Assuming, however, that the numbered paragraphs constitute distinct assignments of error, the first three state the defendant's points, but do not state what disposition was made of them by the court. Indeed, an examination of the record would seem to indicate that the court did not take any notice of them, but simply, as complained of in the fourth paragraph of the assignment of error, instructed the jury to find a verdict for the plaintiff.

The fourth paragraph raised an entirely different question. Assuming that it is a distinct assignment of error, it contravenes the provisions of our rule XV, which is, that: " When the error assigned is to the charge of the court, or to answers to points or to findings of fact or law, the part of the charge, or the points

and answers or findings referred to, must be quoted totidem verbis in the assignment." Inasmuch, however, as it raises in a practical way the entire question involved here, we will regard it as a sufficient assignment and dispose of the case upon its merits accordingly.

The statement of the question involved, as suggested by the appellant, is : " Could the defendant, upon sufficient evidence and proof establishing title to the tract in question by prescription by adverse possession for upwards of forty years, defend such title as against a railroad company duly incorporated under the laws of the state of Pennsylvania who claims title to the same tract by purchase, and not by virtue of the right of eminent domain ? "

The appellant's counsel, in their argument, have limited the scope of our investigation by a frank admission that, "It was and is admitted that land, acquired by virtue of the power of eminent domain, is immune from the statute of limitations, but it is respectfully submitted that with respect to land purchased a railroad corporation occupies no better position than another person, natural or artificial, and that an adverse possession continued for twenty-one years will bar a railroad company as completely and effectually as anyone else."

It is also admitted that: "A public highway is immune from the operation of the statute. Its immunity is based on the same reason which gives rise to the maxim, nullum tempus occurrit reipublicæ. "

Losing sight apparently of the fact that a railroad is a public highway for many purposes, the argument of the appellant goes on to say, " When applied to a railroad these reasons cease to be true, and have in fact no existence, for it can hardly be asserted that a railroad corporation is always busied for the public good and, therefore, has no leisure to assert its right within the times limited to others. "

Under our constitution, article XVII, section 1, it is declared that: "All railroads and canals shall be public highways and all railroad and canal companies shall be common carriers. " It is because of this declaration and the rights which grow out of the fact which it declares that the legislature has the right to confer upon a railroad company the right of eminent domain. This it practically does by the authority which it gives to incor-

porate a railroad company under our laws. Such a company has conferred upon it, by its very creation and the necessities of its existence, the right of eminent domain. Its right of way may be acquired by purchase or by condemnation proceedings. The right is just as effectual in the one case as in the other.

The necessity for the taking of private property, by virtue of the right of eminent domain, through adverse proceedings provided by law, arises when the company may have failed to secure the assent of a private citizen to its acquisition of the right of way for its railroad by a release or conveyance. The fundamental weakness of the position of the appellant is its effort to create a distinction between the right of way acquired by release or conveyance and the same right acquired through the right of eminent domain conferred upon a railroad company by its charter.

The appellant fails to distinguish between a private corporation, chartered and organized for a private purpose, and one to which the commonwealth has committed the right and imposed the duty of a public service. A railroad is not only a public highway but it owes a duty to the public, as a common carrier, to transport persons and traffic, and may undoubtedly be used by the commonwealth itself in an emergency which involves its safety or existence.

In Davis v. Wheeling, etc., Railroad Co., 26 Pa. Superior Ct. 364, we said, at page 373: "The company (a railroad company) was, under its charter, invested with the right of eminent domain. It was authorized to acquire its right of way by purchase as well as by condemnation proceedings." Although it was said in that case that we did not decide whether a private individual may acquire by adverse possession a private right of way over land included in a railroad company's right of way, the case was one in which a right of way under a railroad which maintained and operated its track above the claimed right of passage was involved, and did not raise, in any way, the question which is here presented.

Nor does the subject which we are now considering present the question of a claim by prescription of the land of a railroad company used for any other purpose than such as is involved in the discharge of its public functions. Although the claim of the defendant was not for any portion of the right of way

covered by its main track, it was, nevertheless, as appears by the evidence, land upon which switches or sidings had been built and evidently intended for that purpose.

"Land taken by a railroad company for switches, turn-outs and sidings is for a public use. It is not the special use made of property taken which characterizes, but its convenient necessity to that part which is for the public use:" 5 P. & L. Dig. of Dec. 8045. See also 17 P. & L. Dig. of Dec. 29,316.

In view of the admissions of the defendant, extended discussion of this subject is not necessary, although the field for it is wide and the subject inviting.

What we now decide is that the land claimed by the defendant by adverse possession, having been purchased by the predecessors in title of the plaintiff for railroad purposes and having been used for the construction of switches adjacent to and diverging from its main track, was held by the said railroad for a public use, under the grant of its right of way, and that no title could be acquired by the defendant to the surface of any portion of what was used for such a purpose, by adverse possession, however long continued: Penna. R. R. Co. v. Freeport Boro., 138 Pa. 91; Northern Pacific Ry. Co. v. Townsend, 190 U. S. 267 (23 Sup. Ct. Repr. 671).

Under the facts of this case, as developed in the trial, the court below was warranted in giving binding instructions for the plaintiff.

Judgment affirmed.