## Pittsburgh's Petition.    Wilson-Snyder Manufacturing Co.'s Appeal.

*Roads and streets—Change of grade—Consequent change of grade of railroad—Injuries to abutting land—Proximate cause.*

Where a grade crossing has been eliminated by lowering the grade of a street and elevating the railroad tracks thereon a property owner upon an intersecting street cannot recover damages from the municipality for the alleged destruction of access to his land in consequence of the necessary elevation of the railroad tracks upon the street on which his property fronts where it appears that such street had previously been wholly occupied by the railroad tracks and had not been available for general traffic nor will such property owner be entitled to damages for the necessary removal of a private siding connecting his land with the railroad as the change of grade of the street was not the proximate cause of such injury.

Argued Oct. 15, 1914.   Appeal, No. 140, Oct. T., 1914, by Wilson-Snyder Manufacturing Co., from decree of C. P. Allegheny Co., April T., 1913, No. 202, dismissing exceptions to report of viewers, in the Matter of the Petition of the City of Pittsburgh for the Appointment of Viewers to assess the damages occasioned to properties by the change of grade of and regrading, repaving and recurbing and otherwise improving of Second avenue, from Ross street to a point 1,600 feet eastwardly therefrom; Try Way from Second avenue to Greenough street; Gasoline street from Second avenue to Greenough street; Iron alley from Second avenue to Greenough street and Brewery street from Second avenue to Black alley, First Ward.   Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Exceptions to report of board of viewers in change of grade proceedings.   Before SHAFER, J.

The opinion of the Supreme Court states the facts.

The board of viewers decided that Wilson-Snyder

Manufacturing Company was not entitled to recover damages. Exceptions to the findings of fact and conclusion of law of the board of viewers were dismissed by the court. Wilson-Snyder Manufacturing Company appealed.

*Errors assigned* were in dismissing the exceptions.

*H. S. McKinley,* for appellant.—Compensation for property injured by public works is not limited to abutting property, but applies to any works or improvement sufficiently near to make the injury proximate, immediate and substantial: Mellor v. City of Philadelphia, 160 Pa. 614; Robbins v. Scranton, 217 Pa. 577; Chatham St., Philadelphia's App., 191 Pa. 604; Walnut Street Bridge, 191 Pa. 153; Snyder v. Lancaster, 20 W. N. C. 184; Ladd v. Philadelphia, 171 Pa. 485; Stork v. Philadelphia, 195 Pa. 101; Mellon Street, 182 Pa. 397; Lewis v. Homestead, 194 Pa. 199; Walsh v. City of Scranton, 23 Pa. Superior Ct. 276; Haggerty v. City of Scranton, 23 Pa. Superior Ct. 279.

The entire scheme and effect of a public improvement should be considered in determining whether or not property is injured thereby: Lewis v. Homestead, 194 Pa. 199.

The injury to appellant's property under the facts in this case, is the direct, immediate, and necessary or unavoidable consequence of the change of grade of Second avenue, and so obvious as to admit of comparatively easy calculation: Weiss v. South Bethlehem Borough, 136 Pa. 294; Walsh v. City of Scranton, 23 Pa. Superior Ct. 276.

*Richard H. Hawkins,* with him *C. A. O'Brien,* City Solicitor, and *H. M. Irons,* Assistant City Solicitor, for appellee.—The appellant has no property right in the industrial switch: Mercantile Trust Company v. Columbus, Sandusky & Hocking R. R. Co., 90 Fed. 148; Le-

high & New England Railroad Co. v. Delaware, Lackawanna & Western R. R. Co., 240 Pa. 401.

The elevation of the railroad tracks is damnum absque injuria: Ridgway v. Philadelphia & Reading Railway Co., 244 Pa. 282.

The appellant's property does not abut upon the line of the improvement and no damages could have been allowed by the viewers: Tucker and Frankford Streets, Plumb's App., 166 Pa. 336.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:

It is impossible to distinguish in any material respect this case from the case of Tucker & Frankford Street, Plumb's App., 166 Pa. 336. Here, as there, the immediate, proximate cause of the injury complained of was not the change of grade in the city street, but the elevation of the railroad company's tracks, made necessary by such change. In itself the change of grade in the street could not have affected the appellant's property in the remotest degree. It did, however, make necessary the elevation of the railroad tracks to a height sufficient to give adequate clearance of the street; but however much such elevation may have interrupted and disturbed privileges and conveniences in connection with the railroad which appellant had theretofore enjoyed, such circumstances would not make the city liable therefor. Not only was the necessity for the elevation of the railroad tracks foreseen as a consequence of the change of the street grade, but in the ordinance adopting the change—which upon its acceptance by the railroad company became a contract between the parties—the elevation of the tracks was provided for, as well as the mode of elevation, the kind of structure and its supports. Inasmuch as the city and the railroad company were to be mutually benefited by the elimination of the grade crossing, it was equitable and entirely proper that each should share in the burden of the cost, and so the ordinance provided how the work was to be done, what part

each was to do, and the proportion of the cost each should bear. This created no joint liability, but left each party liable for what it did, and under no liability for what was done by the other. The city's responsibility was for the lowering of the grade on Second avenue. Appellant's property does not abut on this street, but is distant about one hundred and eighty feet, and fronts on Try street, occupied by the railroad. It was at the junction of these two streets that the grade crossing was eliminated. Before the change was made, the railroad tracks, while on the level at the crossing, were some six feet above level where appellant's property was reached and were supported by trestle. At the west side of these main tracks, two in number, a siding was maintained at a lower level for switching into appellant's yard and that of another, on grade. By the change made, the elevation in front of appellant's property on Try street is now between ten and eleven feet, and the siding track has been brought to the elevation of the main tracks which at the new level are supported by solid embankment the width of the street. The injury of which appellant complains is two-fold: first, interference with access to the property upon and over Try street; and, second, removal of the grade siding leading from the main tracks of the railroad by switch to the manufacturing plant on appellant's property. The viewers refused damages to appellant. The exceptions to their report were overruled, and the appeal is from the decree confirming their report.

The first ground of complaint finds no support in the evidence. For many years before the change the railroad tracks supported by trestles had occupied Try street in front of appellant's property for its entire width. It was an exclusive occupancy, so far as traffic by vehicles was concerned. The finding by the viewers is that prior to the improvement no part of Try street was available for vehicle or pedestrian traffic, and that the same condition now exists; that access to the ap-

pellant's property by vehicle and pedestrians, before the improvement, was over Ross street, Water street, and what was First avenue, and that the condition since is the same. Any different finding from the evidence would have been impossible.

The second injury complained of was the disturbance of a convenience which the railroad company had provided for the appellant, which was the subject of contract between them, and which under the contract the railroad company had the right to discontinue at any time upon notice. Appellant had no proprietary or vested right in the siding. Even were it otherwise, and a duty rested on the railroad company to supply the appellant with connecting privilege, the city's change in the grade of its street, albeit that such change disturbed the privilege as it had before been enjoyed, did not relieve from such duty, or impose liability on the railroad company.

These several conditions to which reference has been made were present in the Tucker street case, supra, and the two cases are in exact parallel as to these facts. It was there held that the proximate cause of the injury was the elevation of the railroad tracks, for which the municipality was not liable. That case rules this.

The assignments of error are overruled and the decree is affirmed.