# Philadelphia Hardware and Malleable Iron Works, Appellant, v. Philadelphia.

*Municipalities — Railroad companies — Elevation of tracks — Agreement with city—Injuries to abutting property owners—Liability of municipality.*

Where the tracks of a railroad company were located in the bed of a street at grade, and the municipality and the railroad company entered into an agreement for the elevation of the tracks, wherein it was provided that the cost should be divided, and for the purpose of carrying out the city's part of the agreement the. city council opened a further portion of the street, thereby condemning private property, the property owner was not entitled to recover from the city, damages for direct or consequential injury resulting to its property from the construction or operation of the elevated railroad, or for. the loss of its siding at grade. For compensation for such injuries, recourse must be had against the railroad company.

Argued Jan. 18, 1916. Appeal, No. 354, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., March T., 1907, No. 4961, on verdict for plaintiff, in

case of The Philadelphia Hardware and Malleable Iron Works v. City of Philadelphia. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from award of a jury of view in condemnation proceedings. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,250.00 and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*John G. Johnson,* with him *Alfred R. Haig* and *Henry C. Thompson, Jr.,* for appellant.—The plaintiff was entitled to recover for injuries whether direct or consequential resulting from the placing of elevated railroad tracks on the land condemned: Christy v. Philadelphia & Reading Ry. Co., 249 Pa. 245; Ridgway v. Philadelphia & Reading Ry. Co., 244 Pa. 282; Conwell v. Philadelphia & Reading Ry. Co., 241 Pa. 172; Gillespie v. Buffalo, Rochester & Pittsburgh Ry. Co., 226 Pa. 31; Baker v. Penna. R. R. Co., 236 Pa. 479; Hamilton v. Pittsburgh, Bessemer & Lake Erie R. R. Co., 190 Pa. 51; Shano v. Fifth Ave. & High St. Bridge Co., 189 Pa. 245; Volkmer Street, Philadelphia, 124 Pa. 320; Whitaker v. Phœnixville Boro., 141 Pa. 327; Change of Grade in Plan 166, 143 Pa. 414, 423; Philadelphia Parkway, 250 Pa. 257.

When an improvement is a direct and proximate cause of an injury and the loss is the necessary and unavoidable consequence of a careful execution of the work, the land and every right of property thereto appurtenant is within the protection of Article XVI, Section 8, of the Constitution of Pennsylvania, and the Act of May 16, 1891, P. L. 75, affords an appropriate remedy: Fyfe v. Turtle Creek Boro., 22 Pa. Superior Ct. 292, 297,

298; Barrett v. Minersville Borough, 38 Pa. Superior Ct. 76, 82; Ralston v. Sharon Hill Borough, 43 Pa. Superior Ct. 280, 285; Keystone Telephone Co. v. Philadelphia & Reading Ry. Co., 56 Pa. Superior Ct. 384; Shuster v. Central District & Printing Telegraph Co., 34 Pa. Superior Ct. 513; McGrane v. Philadelphia & Reading Ry. Co., 20 Pa. Superior Ct. 200; Hare v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 10 Pa. Superior Ct. 647; Mellor, Ex'r, et al., v. Philadelphia, 160 Pa. 614, 622.

*Glenn C. Mead,* Assistant City Solicitor, with him *John P. Connelly,* City Solicitor, for appellee.—The ordinance and agreement do not, either expressly or by inference, impose liability on the city for the acts of the railway company.

The various consequential injuries complained of by the appellant do not fall within the scope of road jury proceedings under the Act of May 16, 1891, P. L. 75.

The opening of Ninth street by the city was not the proximate cause of the injuries complained of.

The railroad company, not the city, was liable for the injuries: Tucker and Frankford Streets, Plumb's App., 166 Pa. 336; Pittsburgh's Petition, Wilson-Snyder Mfg. Co.'s App., 247 Pa. 384.

OPINION BY MR. JUSTICE POTTER, March 20, 1916:

Plaintiff was the owner of certain ground, with a foundry and other buildings erected upon it, situated in the City of Philadelphia, on the south side of Jefferson street, extending from Eighth street to Ninth street, and having a frontage of 100 feet on the latter. Prior to the year 1908 the tracks of the Philadelphia & Reading Railway Company were laid on Ninth street in front of plaintiff's premises, at grade, and were connected with a private siding belonging to plaintiff and used by it for the purpose of receiving and shipping goods over the railroad. In 1907 an agreement was entered into between

the city and the railway company looking to the elevation of the latter's tracks along Ninth street, and, for the purpose of carrying out the city's part of the agreement, councils, on March 30, 1907, adopted an ordinance, which among other things, opened Ninth street from Master street to Jefferson street, thereby taking a strip of ground from the west side of plaintiff's premises with a frontage of 100 feet on Ninth street and a depth of 35 feet along Jefferson street. From the award of a road jury, which assessed the damages, plaintiff appealed to the Court of Common Pleas, and the trial there resulted in a verdict for the plaintiff in the sum of $5,250.00. From the judgment thereon entered, plaintiff has appealed, alleging error in striking out certain testimony, and in portions of the charge to the jury, and, in answers to points. But the single question of importance raised, is whether appellant was entitled to recover from the City of Philadelphia damages, either direct or consequential, resulting to the property from the construction or operation of the elevated railroad on Ninth street, or for the loss of its siding at grade. The court below relied upon the decision of this court in Tucker and Frankford Streets, Plumb's App., 166 Pa. 336, where the same questions were raised. It was there held that where the city and a railroad company entered into an agreement similar to that in the present case, a property owner, who alleged that his premises were injured by the elevation of the railroad tracks, could not recover damages for such injury from the city. Plumb's Appeal was expressly followed in the late case of Pittsburgh's Petition, Wilson-Snyder Mfg. Co.'s App., 247 Pa. 384, where there was an agreement between the city and the railroad company, providing for a division of the cost of the improvement between the parties. Under the rule followed in these cases, the city is not liable for any injury which may result from the elevation of the tracks, or their use by the railroad company, unless there is something in the ordinance or agreement, imposing such a liability. An examination of the ordi-

nance and the contract, does not show that the city made itself liable to property owners for injuries other than those resulting from the street alterations, opening, widening, change of grade, &c. The elevated railroad structure was to be erected under the immediate supervision of the chief engineer of the railway company, and in accordance with plans made by him. It is true that the city and the company were to divide equally the greater part of the expense of the entire work, as well as the damages they might be compelled to pay to those injured either in person or property, by the performance of the work. But this was an agreement as to the adjustment of the cost of the improvement between the parties themselves. Claimants against either one of them were not parties to the contract. As our Brother Stewart said in Pittsburgh's Petition, Wilson-Snyder Mfg. Co.'s App., 247 Pa. 384 (389), the ordinance and contract "created no joint liability, but left each party liable for what it did, and under no liability for what was done by the other."

We see no more reason for holding the city liable for damages resulting from the construction of the elevated railroad, than for holding the railway company liable, for the damages resulting from the appropriation of the ground for street purposes. Counsel for appellant cite the case of Robbins v. Scranton, 217 Pa. 577, but it is not apparent how that decision can have any application here. The complaint in that case was that a viaduct obstructed access to plaintiffs' premises, and we held that the entire scheme of improvements made by the city should properly be taken into consideration, in order to show that the city had provided another and safer means of access, in place of the one which had been taken away. The entire improvement was made by the city, and it was responsible for the results. In the present case, the city exercised its power of eminent domain for the purpose of widening the street. For the use made of the street of which appellant complains, the railway was responsible.

In Stork v. Philadelphia, 195 Pa. 101, also cited by counsel for appellant, it was held that for "such injury only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain......a proceeding before viewers is the appropriate remedy." It would hardly be contended that the elevated structure placed upon the street by the railroad, was a necessary and unavoidable consequence of the exercise by the city of its right of eminent domain in taking a strip of ground for street purposes. As the court below well said: "The distribution of the cost of abolishing grade crossings along the road of the railway company, was a matter between it and the city, and with it, nobody else is concerned. It in no wise affected their respective liabilities to third persons. The effects on the plaintiff's property of what has been done in the neighborhood thereof since Ninth street was opened, are, by no means, so proximately related to the opening of that street, as to be held, in contemplation of law, its consequences, and as such to be considered in the assessment of the damages for which the city is liable. They resulted from the acts of the railway company alone."

For any compensation to which appellant may be entitled, for damages resulting from the construction of the elevated railroad, it must look to the railway company and not to the city. Nor was the city responsible for the change in the railroad siding. That precise question was decided in Ridgway v. Philadelphia & Reading Ry. Co., 244 Pa. 282, and Pittsburgh's Petition, Wilson-Snyder Mfg. Co.'s App., 247 Pa. 384 (388).

The assignments of error are overruled, and the judgment is affirmed.