## Holmes and Holmes, Appellants, *v.* Public Service Commission et al. (No. 1).

*Railroads—Change of grade—Abutting property owners—Damages — Change entirely on railroad property — Passageway over right-of-way—Adverse possession.*

Upon the trial of an action to recover damages against a railroad company, alleged to have arisen from the building of an embankment on its right-of-way, to elevate its tracks, the trial court properly excluded from the consideration of the jury any question as to damages attributable to the closing of a way formerly used across the railroad right-of-way and also the question as to such damages as might be incidental to that part of the improvement which was entirely within the property lines of the railroad company itself.

Title cannot be acquired by adverse possession to any portion of a railroad right-of-way which is dedicated to public use. Use of a towpath of the old Pennsylvania canal by the public, during years when it was not used by the Pennsylvania Railroad Company, who purchased it from the State for a right-of-way, could not deprive the railroad of the right to close it to the public, when it was needed for improvement of its tracks.

In the elevation of its tracks, a railroad company has a right to erect walls and build embankments on its own property without liability in damages to abutting property owners, except for negligent operation of its trains.

*Evidence—Maps—Ancient documents.*

A map drawn to a scale of 100 feet to the inch is not competent, as against an ancient record of the Commonwealth, to prove an encroachment upon plaintiff's land to the extent of two-thirds of a foot.

A map over 70 years old, taken from the records of the Commonwealth, by whose agents it was made, in the line of public duty for public purposes, is not only admissible in evidence, but is conclusive as to the matters covered by it.

Argued April 21, 1922.  Appeal, No. 163, April T., 1922, by plaintiffs, from judgment of C. P. Armstrong County, Sept. T., 1919, No. 83, on verdict for plaintiffs, in the case of Hannah B. Holmes, widow, and John H. Holmes, landowners, etc., v. Public Service Commission of the Commonwealth of Pennsylvania, defendant, and Pennsylvania Railroad Co., intervening defendant.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Appeal dismissed.

Appeal to the common pleas from order of the Public Service Commission refusing to award damages to plaintiffs as abutting property owners.  Before KING, P. J.

The Pennsylvania Railroad Co. was permitted to intervene as a defendant.  An issue was framed, and at the trial a verdict was rendered for plaintiffs for $1,500. Plaintiffs moved for a new trial on the ground that the court improperly excluded evidence as to certain elements of damage.  The motion was overruled, and judgment entered on the verdict.  Plaintiffs appealed.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were the judgment of the court and various rulings on evidence and points submitted.

*C. E. Harrington,* and with him *C. L. Wallace,* for appellants.—The way appurtenant to appellants' property is a property right which cannot be destroyed without compensation: Chambersburg Shoe Mfg. Co. v. Railroad Co., 240 Pa. 519; O'Donnell v. Pittsburgh, 234 Pa. 401.

*H. A. Heilman,* and with him *G. C. Christy,* for appellee.—The case of Seitz v. R. R. Co., 272 Pa. 84, involves

almost the identical question at issue, and is applicable to the present case, and shows that there was no encroachment upon plaintiffs' property.

OPINION BY KELLER, J., July 13, 1922:

By agreement with the Borough of Freeport, duly approved by the Public Service Commission, the Pennsylvania Railroad Company elevated its tracks in said borough, thereby eliminating a number of grade crossings. The plan adopted and approved by the commission called for the erection of a concrete wall, about eighteen feet high, along either side of its right-of-way, with solid filling between—except at street intersections —forming an embankment upon which the company proposed laying and operating a four-track railroad line. The plaintiffs, abutting property owners, presented a claim for damages before the commission and being denied any compensation, demanded a jury trial and appealed to the Court of Common Pleas of Armstrong County, in accordance with the provisions of article VI, section 17, of the Public Service Company Law. On the trial of the issue framed thereunder the trial judge refused to submit to the jury the claim of the plaintiffs for damages alleged to have been suffered by them on account of (1) the encroachment of the railroad company's wall upon their property; (2) the closing of a passageway appurtenant to their land which they had enjoyed for many years. He did this (1) on the ground that the evidence was convincing that the railroad company's wall did not encroach on plaintiff's land; and (2) because the evidence showed that the alleged passageway was over the railroad company's right-of-way and, therefore, it had a right to close it. Plaintiffs appealed from the judgment with respect to these rulings of the court.

The present right-of-way of the Pennsylvania Railroad Company at this point was formerly the location of the old Pennsylvania canal authorized by the Acts of February 25, 1826, P. L. 55, 9 Sm. 41, and April 9, 1827, P. L.

192, 9 Sm. 332.  Pursuant thereto the canal was built through a tract of land laid out into lots by William and David Todd near the junction of the Allegheny and Kiskiminetas Rivers, which was subsequently, by Act of April 8, 1833, P. L. 320, incorporated into the Borough of Freeport.  By the Act of May 16, 1857, P. L. 519, the State authorized the sale of the canal and public works, and, in pursuance thereof, the same were sold to the Pennsylvania Railroad Company and a deed of conveyance therefor, was, on June 30, 1857, executed and delivered to said company, and duly recorded.  The Act of April 27, 1864, P. L. 634, authorized the Pennsylvania Railroad Company to sell and convey to the Western Pennsylvania Railroad Company the Western Division of the Pennsylvania Canal and authorized the purchasers to abandon the whole or any portion of said canal and to lay a single or double track of railroad thereon; and in accordance therewith the Pennsylvania Railroad Company by deed of November 17, 1865, and duly recorded, granted and conveyed to the Western Pennsylvania Railroad Company the said canal including that portion extending through the Borough of Freeport; and subsequently the Western Pennsylvania Railroad Company by deed dated June 1, 1888, and duly recorded, reconveyed the same to the Pennsylvania Railroad Company.

It is well settled that under the Acts of Assembly of 1826 and 1827, supra, the State in constructing its system of canals acquired an absolute estate in perpetuity to the land taken in such construction: Robinson v. West. Penna. R. R. Co., 72 Pa. 316; which was not "defeated or impaired by the owner's neglect or refusal to make application for the assessment of damages within the time limited by the act" [of 1827]: Ibid. p. 320, and that this title passed to the Commonwealth's grantee, the Pennsylvania Railroad Company: Haldeman v. Penn. Central R. R., 50 Pa. 425; Western Penna. R. R. Co.'s App., 99 Pa. 155, 163.  Being the original right-of-way of such railroad at that location, and thus dedicated to

a public use, title could not be acquired to any part of it by adverse possession: Reading Co. v. Seip, 30 Pa. Superior Ct. 330; Conwell v. P. & R. Ry. Co., 241 Pa. 172; Western N. Y. & Pa. Ry. Co. v. Vulcan F. & M. Co., 251 Pa. 383; and a mere permissive use of part thereof, as long as the same was not needed in the actual operation of the company's trains, could not operate to prevent its resuming the use of its entire width when required for such operation: Rodgers v. R. R. Co., 255 Pa. 462; Templeton v. L. & W.-B. Coal Co., 50 Pa. Superior Ct. 341. There was no abandonment of any part of it. In the elevation of its tracks the railroad company had a right to erect walls and build an embankment on its own property, thus acquired for its right-of-way, without liability in damages to abutting property owners, except for the negligent operation of its trains: Penna. R, R. Co. v. Lippincott, 116 Pa. 472, 481; Conwell v. P. & R. Ry. Co., supra; Penna. R. R. Co. v. Marchant, 119 Pa. 541; Tucker Street, 166 Pa. 336. It was a lawful erection on its own property and was not the subject of damage under section 8, article XVI of the Constitution: Ibid. The question at issue on this phase of the case, therefore, was whether the embankment thus erected by the intervening defendant did encroach on the plaintiffs' property and if so, how much, and the amount of damages caused thereby.

The evidence on the part of the plaintiffs as to such encroachment was vague, uncertain and indefinite. There was no question that the northern end of the lots, as originally laid out, had been taken for canal purposes; since 1845 the deeds under which plaintiffs claimed called for the canal or the railroad—instead of Walnut Alley—as the boundary on the north (Zahn v. Ry. Co., 184 Pa. 66), but just how much was taken, the deeds did not show, as the distance from Water Street to the canal or railroad was not given. Mrs. Holmes testified that the wall occupied land in front of her property which had formerly been used as a walk and driveway, but, as be-

fore pointed out, such use, whether adverse or permissive, could not deprive the railroad company of its property if it was over its right-of-way.  She testified that for years the former driveway had been occupied by the railroad, which was continually pushing its tracks farther south, showing an assertion of its claim to occupy the full width: Rodgers v. R. R. Co., supra; Templeton v. Coal Co., supra.  The maps presented by the plaintiff were based on a survey made for F. A. Seitz, who conveyed the east half of lot No. 19 to plaintiffs' decedent, which allowed only twenty-three and a half feet from his northern line to the center of the railroad company's westbound or north track, whereas the deed from the railroad company to Seitz's grantor, (and from him to Seitz), for the northern portion of the western half of said lot, (hereinafter referred to as the lock house lot), called for a distance of twenty-eight and a half feet to the center line of the company's south track.  On the other hand, the railroad company's map, prepared by Antes Snyder many years before in connection with the location of its right-of-way, showed that at this point there was a widening of the canal beyond its customary sixty-two feet, sufficiently broad to cover the embankment's width of sixty-five feet in front of plaintiffs' property, without encroaching on the latter.  This corresponded with the wasteway south of lot No. 42 (referred to in Seitz v. P. R. R. Co., 272 Pa. 84) which was directly opposite plaintiffs' property.  There is no substantial merit in appellant's contention that this map showed an encroachment on plaintiffs' land of two-thirds of a foot. The map is drawn on a scale of one hundred feet to the inch and the width of a line is equivalent to that distance; besides the evidence shows that the line of Water Street is not very definitely established on the ground. Adopting the point of beginning used by the plaintiffs for this purpose their stable is two feet out into the street.  The railroad company also offered in evidence a map of the lock house lot in connection with lift lock

No. 10 of the canal, entered in the Book of Surveys of Lock House Lots in the office of the secretary of internal affairs and forming a part of the records of the Commonwealth relating to said canal, which was conclusive that the embankment did not extend beyond the company's right-of-way line. This lock house lot occupied the northern part of the western half of lot No. 19 and immediately adjoined plaintiffs' property on the west. The map, made in or about 1848, showed that the lock house abutted on the canal towpath, and it was unquestioned that if this was so, the embankment was not on plaintiffs' land, for it did not extend as far south as the lock house foundation. The plaintiffs admitted that if the towpath extended to the lock house foundation there was no encroachment upon their land, but sought to escape such a conclusion by contending that the map showed only the lock house lot and was not intended as a representation of the position of the canal, lock, and towpath. It is true the only courses and distances given in the map relate to the lock house lot, but the map is drawn to scale (fifty feet to the inch), it marks and designates the towing path by name, and measures accurately the width and dimensions of the canal, the lock, the towing path, etc., showing that they are properly and accurately placed on the map in respect to the locus of the lock house and lot. The map is an ancient document, taken from the records of the Commonwealth, by whose agents it was made in the line of public duty for public purposes and was not only admissible in evidence, but was conclusive as to the matters covered by it: Smucker v. P. R. R. Co., 188 Pa. 40. The case of Zahn v. Ry. Co., 184 Pa. 66, is distinguishable because there the plan was made by a viewer, whose duty did not include the making of a plot and showed only a line marking the direction of the right-of-way but not its width or depth.

As to the alleged passageway, used as a continuation of Walnut Alley, where the latter was occupied by the bed of the canal, there was, as the court ruled, no evi-

dence in the case that Walnut Alley had been accepted or used by the public, or had been open on the ground, before the building of the canal: Quicksall et al. v. Phila., 177 Pa. 301. Even if it was, the State had a right to condemn it for canal purposes: Chambersburg Shoe Mfg. Co. v. C. V. R. R. Co., 240 Pa. 519; and must have done so to some extent, for part of it, (in front of plaintiffs' property, inter alia) was actually occupied by the bed of the canal and lock No. 10: Zahn v. Ry. Co., supra. There was no evidence of any street or alley having been laid out alongside the canal in lieu thereof, and the use of the towpath by the public at that point did not deprive the Commonwealth of its full estate in the land nor prevent its transfer to the railroad company in connection with the sale of the public works.

We have considered carefully all the points raised by the able counsel for the appellants in their interesting brief and argument even though not specially referred to herein, but are of opinion that the appeal is without substantial merit.

The assignments of error are overruled and the appeal is dismissed.